UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

               Plaintiff,        Case No. 17-cr-20464

v.                                  Judith E. Levy
                                    United States District Judge

Atheir Amarrah, *et al.*,

                                    Mag. Judge Elizabeth A.
             Defendants.    Stafford

_____/

## OPINION AND ORDER DENYING ANAN SALLOUM'S MOTION TO REMOVE JUDGMENT LIEN [262]

Before the Court is *pro se* filer Anan Salloum's motion for the Court to remove the government's judgment lien on the property at 5730 Putnam Drive, West Bloomfield, Michigan, 48323. (ECF No. 262, PageID.4901.) In her motion, Ms. Salloum states that she is Defendant Atheir Amarrah's wife. She describes financial hardship and asks the Court to remove the lien on the property. (*Id.*) She states that the "house still has a balance of $625K on the land contract and more than $100K in county taxes and road assessment." (*Id.*) The land contract expires on February 1, 2024, and the property is also in foreclosure for delinquent property taxes owed to Oakland County. (*Id.*) Ms. Salloum argues that

she "need[s] the government lien removed from the house title as soon as possible so I can refinance the house out of the land contract before [she] lose[s] the house." (*Id.*)

The government filed a response in opposition to Ms. Salloum's motion. (ECF No. 264.) After the government's response, Ms. Salloum filed a "motion follow up" that consisted of her communications with the government and additional financial documentation. (ECF No. 265.)

Anan Salloum and Atheir Amarrah purchased the property on a land contract in 2011. (ECF No. 262, PageID.4901.) On October 30, 2019, Atheir Amarrah pled guilty to five counts: one count of conspiracy to pay and receive healthcare kickbacks, in violation of 18 U.S.C. § 371, and four counts of payment or receipt of kickbacks in connection with a federal healthcare program, in violation of 42 U.S.C. § 1320a-7b(b)(1)(A). (ECF No. 197, PageID.4593–4594.) After he pled guilty, Atheir Amarrah was ordered to pay criminal restitution of $1,009,205.38, and $500 in special assessment fees. (*Id.* at PageID.4599.) As a result, the government obtained a lien on all of Mr. Amarrah's property, including the property at 5730 Putnam Drive, pursuant to 18 U.S.C. § 3613. (ECF No. 264-1, PageID.4952.) A notice of the lien on the property was recorded at the

Oakland County Register of Deeds. (*Id.*) According to the government, as of January 2, 2024, Mr. Amarrah has paid $2,075.00 towards this debt. (ECF Nol 264, PageID.4945.)

Ms. Salloum's motion is improperly filed. As a self-represented person, Ms. Salloum cannot file motions on behalf of her husband. *Zanecki v. Health All. Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014). Additionally, she did not file a motion to intervene or to otherwise appear.[1] Criminal proceedings are no longer pending, and based on the requested relief, this motion likely should have been filed as a miscellaneous case.

Regardless, the Court cannot grant the relief sought because Ms. Salloum has not given any legal basis for the relief she requests.

---

[1] The Federal Rules of Criminal Procedure do not describe how third-parties may appear in criminal cases. *See United States v. Rakhit*, No. 1:18CR33, 2021 WL 1145626, at *5 (N.D. Ohio Mar. 25, 2021) ("It is true that the Federal Rules of Criminal Procedure make no reference to a motion to intervene and that it is, therefore, rare for a third party to intervene in a criminal action . . . . Nonetheless, exercising their inherent power to manage their cases, federal courts have permitted third parties to appear in criminal cases under certain circumstances.") (collecting cases); *see also United States v. Perry*, 360 F.3d 519, 532 n.10 (6th Cir. 2004) ("A requirement that a party either intervene or attempt to intervene seems inappropriate in this unusual case, because no mechanism exists for a private citizen to intervene in a criminal case. Thus, we have not always required intervention.").

3

The only argument Ms. Salloum appears to present is that the government lien should be removed because her husband, Mr. Amarrah, no longer has an interest in the property. Ms. Salloum states that "[t]he house has been granted to me (Anan Salloum) in a separate maintenance case earlier this year . . . . Atheir thereafter did quit the deed to the house and that was registered in Oakland County." (ECF No. 262, PageID.4901; *see also id.* at PageID.4909 (separate maintenance case); *id.* at PageID.4920–4921 (quitclaim deed).) However, in her subsequent filing, Ms. Salloum agrees that the government lien on the property is legitimate and appears to deny making this argument.[2] (ECF No. 265, PageID.4954 ("I do want to reassure you that never at any point of time that [sic] we tried to undermine the government lien and as you see we are addressing the lien now and we did try to address few years ago").) The Federal Rules of Civil Procedure require that requests for a court order must "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b)(1)(B). Ms. Salloum has not provided any law or rule

---

[2] The government's response in opposition argues that "Salloum could not take the interest [in the property] free of constrictive notice of the lien . . . and is subject to potential fraudulent transfer liability." (ECF No. 264, PageID.4945.)

4

on which the Court can base its decision. Thus, her motion must be denied.

Further, to the extent that Ms. Salloum argues that her status as an "injured spouse" by the IRS justifies removal of the lien, the argument is denied. Again, Ms. Salloum has not provided any legal basis for the relief.

The Court recognizes Ms. Salloum's difficult financial situation. Nevertheless, the Court cannot grant the relief she seeks. Accordingly, the Court DENIES Ms. Salloum's motion for the Court to remove the government's judgment lien on the property at 5730 Putnam Drive.

IT IS SO ORDERED.

Dated: January 24, 2024      s/Judith E. Levy
Ann Arbor, Michigan     JUDITH E. LEVY
    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 24, 2024.

    s/William Barkholz
    WILLIAM BARKHOLZ
    Case Manager